UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                              Plaintiff,

v.
                                                    Case # 17-CR-6005-FPG

**DECISION AND ORDER**

DAMON MONTGOMERY,
                              Defendant.

## INTRODUCTION

On November 7, 2017, Defendant Damon Montgomery pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin in violation of 21 U.S.C. § 846. ECF No. 179. On February 15, 2018, he was sentenced to 216 months in prison followed by five years of supervised release. ECF No. 214.

On October 21, 2019, Defendant filed a *pro se* Motion to Reduce Sentence pursuant to Sections 401 and 404 of the First Step Act. Because Defendant is not eligible for relief under the First Step Act, his motion is DENIED.

## DISCUSSION

"The First Step Act is a remedial statute that serves to extend reductions in crack cocaine statutory penalties provided by the Fair Sentencing Act of 2010 to persons previously ineligible for a reduction." *United States v. Allen*, 384 F. Supp. 3d 238, 239 (D. Conn. 2019). However, "the Fair Sentencing Act did not modify the penalties for crimes involving heroin." *United States v. Richardson,* No. 3:99-CR-264-8 (VAB), 2019 WL 4889280, at *6 (D. Conn. Oct. 3, 2019). Here, Defendant's offense involved heroin, not cocaine, so it is not clear that the First Step Act even applies to his offense.

1

In any case, the First Step Act is generally not retroactive and usually only applies to Defendants sentenced on or after its effective date of December 21, 2018. *United States v. Dunnigan*, No. 1:15-CR-00202 EAW, 2019 WL 4254028, at *1 (W.D.N.Y. Sept. 9, 2019). Here, Defendant was sentenced on February 15, 2018, before the effective date. Thus, he is not eligible for relief under Section 401.

The First Step Act does have one retroactive provision, Section 404. That section authorizes district courts to retroactively apply certain penalty provisions of the Fair Sentencing Act of 2010. *Id.* But Section 404 only applies to defendants who were convicted of certain offenses committed before August 3, 2010. *Id.* at *2. Here, the offense for which Defendant was convicted occurred in 2015 and 2016. Thus, he is not eligible for relief under Section 404. *See Handford v. Spaulding*, No. 919CV0434LEKDEP, 2019 WL 2122930, at *5 (N.D.N.Y. May 15, 2019).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence (ECF No. 229) is DENIED.

IT IS SO ORDERED.

Dated: November 14, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court