UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMON MONTGOMERY,

                                  Petitioner,

                                                                                                Case No. 17-CR-06005-FPG

v.

UNITED STATES OF AMERICA,                                  DECISION AND ORDER

                                   Respondent.
_____

## INTRODUCTION

On June 6, 2022, pursuant to 28 U.S.C. § 2255, *pro se* petitioner Damon Montgomery moved to vacate his federal conviction for conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1)(b)(1)(B) and 21 U.S.C. § 846. ECF No. 254. On October 31, 2022, Respondent responded to the petition. ECF No. 258. On November 21, 2022, Petitioner replied. ECF No. 259. For the reasons set forth below, Petitioner's request for habeas relief is DENIED, and the petition is DISMISSED.

## BACKGROUND

On January 19, 2017, Petitioner was charged with conspiracy to possess with the intent to distribute, and to distribute, 1 kilogram or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1)(b)(1)(A) and 21 U.S.C. § 846. ECF No. 84. On April 25, 2017, the Government filed an Information that outlined Petitioner's prior felony drug convictions to seek enhanced penalties. ECF No. 114.

On November 7, 2017, Petitioner waived prosecution by indictment and pled guilty pursuant to a written plea agreement to a one-count Superseding Information charging conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin in violation of

1

21 U.S.C. § 841(a)(1)(b)(1)(B) and 21 U.S.C. § 846. *See* ECF No. 258-1 at ¶ 11; 258-2 at 12-13, 14. The plea agreement provided that the appropriate guideline range was 210 to 262 months, based on a total offense level of 32, which included a Career Offender designation pursuant to §4B1.1(b)(2) of the United States Sentencing Guidelines ("USSG"), and a criminal history category of VI. *See id*. Petitioner was designated a Career Offender because of his 2007 state conviction for Criminal Possession of a Controlled Substance 3rd, and a 2015 state conviction for Attempted Criminal Possession of a Controlled Substance 3rd, in violation of NYPL § 220.16(1). *Id*. The plea agreement further provided that a sentence of 216 months would be appropriate. *Id*. In the plea agreement, the Government also agreed not to file an Information pursuant to 21 U.S.C. § 851 with respect to the charge in the Superseding Information which would have subjected Petitioner to enhanced penalties. *See* ECF No. 258-1 at ¶ 2; 258-2 at 5-6, 20. The plea agreement also included a waiver of Petitioner's right to appeal or collaterally attack any sentence less than 262 months. ECF No. 258-1 at ¶ 19, 20.

The Presentence Investigation Report ("PSR") in this case determined that Petitioner was a Career Offender, a designation Petitioner did not object to. On February 13, 2018, Petitioner was sentenced by this Court to a term of imprisonment of 216 months, in accordance with the plea agreement. *See* ECF No. 258-3 at 20-21. At sentencing, this Court noted that Petitioner waived his right to appeal the sentence. *See id*. at 21-23. On February 16, 2018, a judgment was entered against Petitioner and, shortly thereafter, Petitioner timely appealed. ECF No. 214, 215.

At the Second Circuit, Petitioner argued that this Court violated Fed. R. Crim. P. 11 by failing to ensure that Petitioner understood the plea and the rights he was relinquishing by pleading guilty. *United States v. Montgomery*, 848 F. App'x 31, 32 (2d Cir. 2021) (summary order). On May 20, 2021, the Second Circuit affirmed the judgment of this Court. *Id*.

On June 6, 2022, Petitioner timely filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in which he claims that trial counsel provided ineffective assistance at various stages of the plea-bargaining process and sentencing. *See* ECF No. 254.

## LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). While the remedy provided by Section 2255 is "comprehensive, it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, relief "is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon […]" 28 U.S.C. § 2255. However, "'[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.'" *Armienti v. United States*, 234 F.3d 820, 822-23 (2d Cir. 2000) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; alteration in original).

To bring a successful ineffective assistance of counsel claim, a movant faces a "difficult two part test," *DeLuca v. Lord*, 77 F.3d 578, 584 (2d Cir. 1996), as he must demonstrate (1) that counsel's performance was deficient as measured against "an objective standard of reasonableness […] under prevailing professional norms," and (2) that counsel's deficient performance was prejudicial to his case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Where, as here, the petitioner is proceeding *pro se*, the district court must read the pleadings liberally and construe them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

As a general matter, Petitioner contests his conviction on the grounds that defense counsel was "constitutionally ineffective during the plea negotiations which would void the plea waiver." ECF No. 253 at 4. Specifically, Petitioner first claims that defense counsel was constitutionally ineffective "where he advised Petitioner to plead guilty stipulating that he qualified to be sentenced as a career offender based on a prior conviction for attempted criminal possession in the third degree." *Id*. Second, Petitioner claims that defense counsel was "constitutionally ineffective for failure to submit written objection to the 8-point role enhancement adjustment submitted by the Probation Department in the PSR." *Id*. Addressing each claim in turn, the Court concludes that Petitioner is not entitled to relief.

**I.   Plea Waiver**

As discussed, Petitioner argues generally that defense counsel was "constitutionally ineffective during the plea negotiations which would void the plea waiver." ECF No. 253 at 4. "Where the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is

enforceable." *United States v. Monzon*, 359 F.3d 110, 116-17 (2d Cir. 2004) (citations omitted). This principle applies equally to waivers of collateral attack rights. *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam) (citing *Tellado v. United States*, 745 F.3d 48, 54-55 (2d Cir. 2014)).

However, "a plea agreement containing [such] a waiver ... is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel[,]" *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (internal citations omitted), because "'the very product of the alleged ineffectiveness' cannot fairly be used to bar a claim of ineffective assistance of counsel." *Id*. (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)). In other words, "a waiver cannot bar challenges to the process leading to the plea on the basis that the defendant was provided ineffective assistance of counsel." *United States v. Chua*, 349 F. Supp. 3d 214, 219 (E.D.N.Y. 2018) (citing *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002)). Because Petitioner argues that the plea waiver is not enforceable due to his counsel's ineffectiveness during the plea process, the Court must first address Petitioner's specific claims that defense counsel's (i) advice to stipulate to career offender status and (ii) failure to object to the eight-point enhancement were constitutionally ineffective in violation of the Sixth Amendment. For the reasons set forth below, the Court rejects each claim and, accordingly, dismisses as moot Petitioner's claim that the plea waiver is not enforceable because counsel was not constitutionally ineffective.[1]

---

[1] Petitioner does not contend in his petition that his appeal waiver was not knowing or voluntary. The Court accordingly need not address this point and construes the petition "to raise the strongest arguments [it] suggest[s]." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

5

## II. Career Offender Status

It is well settled that the two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, (1985). The "deficient performance" prong requires a showing that the advice counsel provided with regard to the decision to plead guilty was outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *see also Hill*, 474 U.S. at 56, 58. To satisfy the "prejudice" requirement in the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner's claim that defense counsel was constitutionally ineffective for advising Petitioner to stipulate to career offender status due to his 2015 state conviction for Attempted Criminal Possession of a Controlled Substance 3rd, in violation of NYPL § 220.16(1), fails to meet the first requirement. The issue is "whether, in advising [Petitioner] that he qualified as a 'career offender' ... [Petitioner's] defense attorney's performance fell below an objective standard of reasonableness." *Martinez v. United States*, No. 14-CR-79, 2020 WL 435364, at *4 (W.D.N.Y. Jan. 28, 2020) (quotation omitted). While "the law is not entirely settled as to whether a New York conviction for criminal possession of a controlled substance in the third degree—that is, a violation of New York Penal Law § 220.16—constitutes a controlled substance offense for purposes of the career offender determination[,]" the Court need not definitively resolve this question. *Delgado v. United States*, No. 6:17-CR-6060 EAW, 2021 WL 5567361, at *5 (W.D.N.Y. Nov. 29, 2021).

"At the time of [Petitioner's] guilty plea, several courts had analyzed New York Penal Law § 220.16(1) [the relevant statutory subsection in this case] … and held that a violation of that statute was a 'controlled substance offense' under the Guidelines." *Martinez*, 2020 WL 43564, at

\*4. Under these circumstances, the Court cannot find that counsel's conclusion that this conviction constituted a controlled substance offense for purposes of the career offender determination was objectively unreasonable. *See id.* ("[T]his Court finds that [petitioner's] attorney was not ineffective in advising [petitioner] that he qualified as a 'career offender' under the Guidelines … In fact, … a violation of New York Penal Law § 220.16(1) was and is a controlled substance offense under the Guidelines."); *see also United States v. Sadler*, No. 16-CR-0297-8 (AMD), 2021 WL 2037863, at \*5 (E.D.N.Y. May 21, 2021) ("Counsel's decision not to challenge the career offender enhancement was not an 'unreasonable' strategy that deprived the defendant of his Sixth Amendment rights" where "at the time, … several courts in this circuit had unequivocally adopted" the position that the conviction at issue was a controlled substance offense).

To the extent Petitioner argues that a change in law after his sentencing compels a different result, the Court disagrees. Petitioner maintains that *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), which held that a violation of NYPL § 220.31 for possession or distribution of a controlled substance did not constitute a "controlled substance offense" under the guidelines, such that a defendant may qualify as a career offender, establishes that counsel's advice regarding the import of New York Penal Law § 220.16(1) was ineffective. First, *Townsend* and the present action involve different subsections of the same statute. Second, the Court need not determine whether *Townsend*'s holding applies with equal force to the relevant subsection in the present action because *Townsend* post-dated Petitioner's sentencing and entry into the plea agreement. It is well-settled that defense counsel "is not required to forecast changes in the governing law." *Weingarten v. United States*, 865 F.3d 48, 53 (2d Cir. 2017). A court "must judge [counsel's] conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d

528, 533 (2d Cir. 1994). Because *Townsend* was not issued before or at "the time of counsel's conduct," counsel appears to have made a constitutionally permissible "strategic choice." *Id*. at 533; *see also DeLuca v. Lord*, 77 F.3d 578, 588 (2d Cir. 1996).

For these reasons, the Court finds that Petitioner cannot demonstrate ineffective assistance of counsel with respect to defense counsel's advice that Petitioner stipulate to career offender status on the basis of his prior state law convictions.

### III.     Objection to Enhancement

Petitioner next argues that his counsel was "constitutionally ineffective for failure to submit written objection to the 8-point role enhancement adjustment submitted by the Probation Department in the PSR." ECF No. 253 at 4. Because Petitioner was not prejudiced by counsel's failure, Petitioner is not entitled to relief on this basis.

As stated, *Strickland* applies to the plea process. *Hill*, 474 U.S. at 57. To satisfy the "prejudice" requirement in the plea context, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]" *Hill*, 474 U.S. at 59. "In the context of sentencing, "the defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). Petitioner must show that he was "actually prejudiced as a result" of counsel's deficient performance, which "requires some objective evidence other than [Petitioner's] assertions to establish prejudice." *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011); *see also Pham v. United States,* 317 F.3d 182, 182, (2d Cir. 2003).

Here, Petitioner fails to show "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Hill*, 474 U.S. at 57. Petitioner was sentenced to the specific sentence of 216 months outlined in the plea agreement,

8

not the range included in the PSR. ECF No. 258 at 18. In the PSR, Petitioner's base offense level was increased by two levels for his possession of a dangerous weapon, by two levels for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and for four levels for being an organizer or leader of a criminal activity, resulting in a total offense level of 36. ECF No. 96, ¶ ¶ 161, 162, 164. With a criminal history category of VI, this resulted in a sentencing range of 324 to 405 months. *See* ECF No. 96.

Petitioner fails to show a "reasonable probability" or offer any "objective evidence other than [his] assertions" that, but for counsel's failure to object to these enhancements, he would have received a lower sentence than that which was included in the plea agreement. *See Peebles v. United States*, No. 17-CV-463-A, 2022 WL 278179, at *9 (W.D.N.Y. Jan. 31, 2022) (finding no prejudice where counsel failed to object to PSR and petitioner failed to show that he would have received a shorter sentence had counsel objected); *see also Santiago-Diaz v. United States*, 299 F. Supp. 2d 293, 302 (S.D.N.Y. 2004); *Pham*, 317, F.3d at 182. Here, Petitioner received the benefit of a lesser quantity of heroin than that originally charged. *See* ECF No. 84; *see also* ECF No. 258-1. In addition, Petitioner offers no evidence to suggest that the Government would have agreed to a lower sentence than that included in the plea agreement.

For these reasons, the Court finds that Petitioner cannot demonstrate ineffective assistance of counsel with respect to counsel's failure to object to the 8-point enhancement in the PSR.

## CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief is DENIED and his petition, ECF No. 254, is DISMISSED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. The Clerk of Court shall enter judgment and close the civil case associated with the petition (22-CV-06259).

IT IS SO ORDERED.

Dated: April 27, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York