UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 17-CR-6005-FPG

v.

DECISION AND ORDER

DAMON MONTGOMERY,

Defendant.

## INTRODUCTION

On November 7, 2017, Defendant Damon Montgomery pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. ECF No. 179. On February 13, 2018, the Court sentenced Defendant to a term of 216 months' imprisonment followed by five years of supervised release. ECF No. 214 at 2–3.

Defendant has filed multiple motions to reduce his sentence and/or for compassionate release, all of which were denied. ECF Nos. 229, 231, 233, 234, 238, 246, 249, 253, 281, 292. On October 1, 2026, Defendant filed a motion to correct the record pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), which is now before the Court. ECF No. 289. The Probation Department filed a response. ECF No. 293. For the reasons that follow, Defendant's motion is DENIED.

## DISCUSSION

Defendant asks this Court to order the Probation Office to issue an Amended Presentence Investigation Report ("PSR") or an official addendum to his original PSR due to an error in the original PSR. ECF No. 289 at 2. Specifically, Defendant argues that the PSR incorrectly stated that Defendant was sentenced to ten weeks in jail when he was actually sentenced to ten weekends in jail. *Id.* at 1. At his sentencing, the Court adopted the PSR, but with the "correction to paragraph

181 reflecting that the defendant was sentenced to ten weekends as opposed to ten weeks." *Id.* at 3. Plaintiff argues that an Amended PSR was never provided to the Bureau of Prisons ("BOP"), affecting Defendant's custody classification as scored by the BOP. *Id.* As such, pursuant to Rule 36, he now requests that the Court correct the record and provide an Amended PSR or addendum to his original PSR to the BOP. *Id.*

In response to Defendant's motion, Probation informed the Court that it was able to confirm with the Monroe County Clerk's Office that while the PSR had indicated that Defendant was sentenced to ten weeks in jail after pleading guilty to Attempted Criminal Possession of a Controlled Substance 3rd in Monroe County Court in 2015, Defendant was actually sentenced to ten weekends in jail. ECF No. 293 at 2. Probation noted that because ten weekends in jail is a less than sixty-day sentence, this offense should have only been assigned one criminal history point instead of two. *Id.* Therefore, taking into account the change, Defendant would have had a total of six criminal history points, instead of the seven he was initially assigned, which would establish a criminal history category of III. *Id.* However, Probation also noted that there appears to be an error in the original PSR related to the criminal history category. *Id.* While the PSR calculated Defendant's criminal history points as equaling seven, due to the two points assigned to Defendant for his 2015 conviction for Attempted Criminal Possession of a Controlled Substance 3rd, it erroneously stated that seven criminal history points equaled a criminal history category of III when seven points actually equals a criminal history category of IV. *Id.* Nevertheless, Probation explained that all of these errors were harmless because at the time of his conviction, Defendant was deemed a career offender and therefore, regardless of the number of criminal history points calculated, he was assigned a criminal history category of VI. *Id.*

Under Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in

the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error is minor or uncontroversial, an error of recitation, of the sort that a clerk . . . might commit, mechanical in nature, amounting to little more than substituting a right number for a wrong number." *Urena v. United States*, No. 99 Cr. 0073, 2010 WL 4823593, at *4 (S.D.N.Y. Nov. 29, 2010) (quotations omitted). Where an error is substantive and not clerical, Rule 36 may not be used to correct the record. *United States v. Contrera*, 21-617-cr, 2022 WL 301784, at *2 (2d Cir. 2022) (summary order).

In this case, the Court is skeptical of Defendant's argument that there is an error in the record. At sentencing, Defendant's attorney explained the error in the PSR related to the sentence for the 2015 conviction and asked that the Court clarify on the record that Defendant served ten weekends as opposed to ten weeks in jail. ECF No. 225 at 4. The Court then stated on the record that "the Court will adopt the presentence report with the correction to paragraph 181 reflecting that the defendant was sentenced to ten weekends as opposed to ten weeks." *Id.* at 9. Consequently, the record correctly reflects that the initial PSR stated that Defendant was sentenced to ten weeks in jail, but that the Court granted Defendant's request for clarification that the sentence was ten weekends in jail. Nevertheless, even if the Court were to assume that there was an error in the record as Plaintiff claims, the error Plaintiff has identified in the PSR is substantive and not clerical. As such, the Court cannot correct the error pursuant to Rule 36. *See United States v. Contrera*, 2022 WL 301784, at *2 (explaining that Rule 36 may not be used to correct a substantive error in a PSR). To the extent that Defendant's motion could be construed as requesting an Amended PSR simply for the purposes of providing it to the BOP, as Probation explained, any error in the PSR is harmless because at the time of his conviction, Defendant was considered a career offender and was required to be assigned a criminal history category of VI. *See* ECF No. 196. Therefore, Plaintiff's motion is denied.

On a separate note, in light of Probation's concession that Defendant would have been classified as a criminal history category III if the career offender designation did not apply, the Court wishes to clarify that this concession does not alter the Court's reasoning in its October 6, 2026 Decision and Order denying Defendant's motion for compassionate release. ECF No. 292. In Defendant's March 2026 motion for compassionate release, he argued that his unusually long sentence and a change in law constitute "extraordinary and compelling reasons" warranting a reduction in his sentence. ECF No. 281 at 17. Specifically, Defendant argued that due to a change in the law, if he were sentenced today, he would not be designated as a career offender, and therefore, his sentence would be significantly shorter. *Id.*

In its October 6, 2026 Decision and Order, the Court explained that a change in law may constitute extraordinary and compelling reasons for a reduction in sentence if a defendant "(1) received an unusually long sentence; (2) served at least ten years of the term of imprisonment; and (3) demonstrated that the change in the law will result in a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." ECF No. 292 at 2 (quoting *United States v. Henoa*, No. 96-CR-355, 2024 WL 730482, at *3 (E.D.N.Y. Feb. 22, 2024)). The Court further explained that compassionate release was not warranted in this instance because Defendant was unable to demonstrate a gross disparity between his original sentence and the sentence he would likely receive today. *Id.* at 4. Specifically, the Court explained that Defendant's designation as a career offender had no impact on the determination of his offense level at his sentencing and thus, his total offense level of 36 would remain the same if he were sentenced today. *Id.* at 3. The Court also explained that if Defendant were resentenced, absent the career offender designation, his criminal history category would be category IV, making his guideline range 262 to 327 months. *Id.* at 3–4. Because Defendant's original sentence of 216 months was significantly below this guideline range, the Court concluded that Defendant was

unable to demonstrate a gross disparity between his original sentence and the sentence he would likely receive today, and compassionate release was not warranted on that basis. *Id.* at 4.

However, as explained above, Probation now concedes that if Defendant were resentenced today, his criminal history category would be III. ECF No. 293 at 2. Consequently, the Court wishes to clarify that this concession does not change the reasoning found in its October 6, 2026 Decision and Order because with a total offense level of 36 and a criminal history category of III, Defendant's guideline range would be 235 to 293 months. *Id.* As such, Defendant is still unable to demonstrate a gross disparity between his original sentence and the sentence he would likely receive today because Defendant's original sentence of 216 months is significantly below the guideline range that Defendant would be subject to if he were sentenced today. *See Henoa*, 2024 WL 730482, at *3. Therefore, for this reason and for all of the other reasons stated in the Court's October 6, 2026 Decision and Order, the Court reaffirms its conclusion that Defendant is not entitled to compassionate release at this time.

## CONCLUSION

For all the reasons stated above, Defendant's motion to correct the record, ECF No. 289, is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York